IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **7:25-cr-15–WLS-ALS-1** |
| **SABINO GOMEZ,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## **ORDER**

  Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Tuesday, July 29, 2025, at 3:00 p.m., and for trial during the Court's Valdosta Specially Set Trial Term beginning August 18, 2025 (Doc. 23). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) Defendant, Sabino Gomez, filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 25) ("Motion"). Defense Counsel requests a continuance to allow her time to investigate the case and provide Defendant with effective assistance of counsel, including consulting directly with Defendant to review discovery and meet and confer with Defendant as to next steps in the resolution of this matter. Defense Counsel represents that she conferred with Government's counsel, Assistant United States Attorney, Monica Daniels, who does not oppose the Motion.

  Defendant further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in continuing the trial **to the beginning of the next term** be excluded under the Speedy Trial Act 18 U.S.C. § 3161. As Defense Counsel is aware, the Court may schedule multiple criminal trials during a term of Court and thus finds that the

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion. The Court directs Defense Counsel note the correction for future motions to continue.

period of delay in continuing the trial **through the conclusion of the next Valdosta trial term** is excludable under the Speedy Trial Act.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 25 is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Court's Valdosta Division November 2025 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would (a) likely result in a miscarriage of justice, (b) deny Defendant the continuity of counsel, and (C) deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The July 29, 2025 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 22nd day of July 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2