**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:25-cr-15–WLS-ALS-1** |
| **SABINO GOMEZ,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 46) ("Motion"). Previously, Defense Counsel advised the Court that additional time was needed to retain an expert for a mental health evaluation and to obtain school and medical records for Defendant. Defendant Counsel states that a new expert has been selected, and documentation is being submitted to secure her services.[1] The expert intends to conduct her evaluation in November 2026, which the expert describes as complicated and which will require multiple days and steps to complete. Defense Counsel represents that she conferred with Government's counsel, Assistant United States Attorney, Tamara Jarretts, who does not oppose the Motion.

Defendant further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial, and that the period of delay in continuing the trial through any trial date set upon allowance of the Motion should be excluded under the Speedy Trial Act 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 46) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Court's Valdosta Division February 2027 Trial Term and its

[1] A previously selected expert was unable to conduct the evaluation due to in-state licensing issues and Defense Counsel was required to select a new expert.

conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice and would deny Defense Counsel the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 1st day of September 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**